INGRAM, Justice
(dissenting).
I disagree with the majority’s holding, which I think allows a party to assert on appeal a violation of Rule 51 without having properly preserved the error. At the close of the jury instructions, the Smithermans’ attorney made the following objection:
“Plaintiffs object to an instruction to the jury based on the sudden emergency doctrine. We believe that there has been no evidence to show that the Defendant chose to escape any type peril in the case nor that she was presented with a sudden emergency."
(Emphasis added.) This objection was made solely to dispute whether there was sufficient evidence to support the charge. However, the Smithermans now, for the first time, raise the post-charge conference issue on appeal. Clearly, the Smithermans did not preserve this issue for appellate review. Rule 51 states:
“No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds for his objection.”
(Emphasis added.) We should require an objection to violations of Rule 51, just as we require an objection in regard to almost every other error at trial except those errors noted on a “plain error” review.
In addition, I disagree with the majority’s conclusion that the Smithermans were prejudiced by the court’s failure to give the instruction until after the closing • argument. The jury’s verdict is consistent with the evidence, regardless of the sudden emergency *598 issue. Further, assuming, arguendo, that the Smithermans were prejudiced by the late charge, any prejudice they suffered is attributable to their own failure to apprise the trial court of the problem. They could have asked the trial court for another opportunity for closing argument, but did not.
Without a doubt, the majority’s holding has placed the trial court in a precarious position. The trial court, which merely wanted to further research the sudden emergency issue, was set for reversal in whatever decision it made on the charge. If the charge was proper and supported by the law and the facts, the trial court would have erred in failing to give the charge. If the trial court decided to give the charge, it would then have erred in failing to give the charge before the closing argument.
We should not reverse a judgment based on a jury verdict unless the appellant can demonstrate that the verdict was palpably wrong or manifestly unjust. Holloway v. Robertson, 500 So.2d 1056 (Ala.1986). I believe that the Smithermans have presented this Court with no evidence of prejudice regarding the trial court’s Rule 51 violation and did not preserve the error for appellate review. I would affirm the trial court’s judgment for these reasons. Therefore, I respectfully dissent.